# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**ROBERT SCHWEIGEL** (*Husband*),
**WANDA SCHWEIGEL** (*Wife*),

        *Plaintiffs,*

vs.

**ISABELLA CASILLIAS GUZMAN,**
**in her official capacity as**
**Administrator of The United States**
**Small Business Administration,**
**(Disaster Relief),**

        *Defendant.*

Case No: 5:22-cv-155-JA-PRL

Jury Trial

## I. Parties to This Complaint

### A. Plaintiffs

Robert Schweigel
Wanda Schweigel
10900 Lake Minneola Shores
Clermont, Fl. 34711
Mailing Address
P.O. Box 1013
Minneola, Fl. 34755

### B. Defendant

Isabella Casillias Guzman
US Small Business Administration
409 3rd. Street SW
Washington, DC 204

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S. Code Section 1361.

2. Venue in the Middle District of Florida is proper because it is the district in which Respondents' refused to perform the duty conjoined upon them by the Congress of the United States.

3. Plaintiffs, Robert Schweigel and Wanda Schweigel reside at 10900 Lake Minneola Shores, Clermont, Florida 34711, in the County of Lake.

4. The amount Plaintiffs claim Defendant owes is $263,000 including but not limited to compensatory damages, special/punitive and/or exemplary damages, attorney fees, interest and cost of court due to Defendant's breach of contract.

## INTRODUCTION

1. On or about September 4, 2017, the State of Florida was struck by Hurricane Irma, a category 5 hurricane with 185 mph sustained winds.

2. On September 4, 2017, Florida Governor, Rick Scott declared a State of Emergency.

3. On or about September 5, 2017, Federal Emergency Management Agency , (FEMA) requested $15.3 billion .......

4. On or about September 9, 2017, 24 counties were placed under a mandatory evacuation and 15 counties were under voluntary evacuation, to which the Plaintiffs live.

5. Plaintiffs were told to shelter in place as the Lake County, Florida Government was unable to provide shelter for the Plaintiffs due to the nature of Plaintiff's disabilities.

6. On or about September 11, 2017, the Plaintiffs' home endured a direct hit from Hurricane Irma, the assault lasted for 7/9 hours.....

7. Plaintiffs' home suffered severe roof and window damages causing water damage including but not limited to the interior, walls, cabinets, electrical, etc.

## III.   STATEMENT OF CLAIM

1. Plaintiffs, Robert and Wanda Schweigel, and Defendant. SBA, made a contract on December 1, 2017. The contract was written. Under that contract, Plaintiffs were required to place alien against their property, provide flood and hazard insurance, certificate and construction contract, IRS Form 4506-T and VA income verification. Defendant failed to released the full amount of the loan, approximately $263,000. Plaintiffs have complied with Plaintiffs' obligation under the contract.

Timeline

2. November 30, 2017, Plaintiffs were approved for a SBA Disaster Relief Loan. December 1, 2017, Plaintiffs closed on said loan # DLH 1515247000. Plaintiffs provided SBA with banking information for auto deposit and auto deduct.

3. December 6, 2017, Plaintiffs filed a lien on their home with the Lake County Deed of Trust/Mortgage Recording Department, as SBA required, so that the full loan amount above and beyond $25,000 could be disbursed to Plaintiffs. Plaintiffs complied and returned proof of lien to SBA.

4. January 25, 2018, Plaintiffs received the first draft of $25,000, via auto deposit.

5. February, 2, 2018, Plaintiffs obtained Certificate of Flood Insurance and Hazard Insurance, per SBA's request. Plaintiffs provided said documents to SBA.

6. February 5, 2018, Val a SBA adjuster/inspector contacted the Plaintiffs. Subsequently, Ron Harrell a SBA adjuster/inspector personally met with the Plaintiff to access all damages as there were more extensive damages than SBA first estimated. SBA modified Plaintiffs' loan to the maximum total amount allowable, approximately $288,000.

7. Subsequently, Plaintiffs made numerous inquiries to SBA Mildred Fore Case Manager regarding the remainder of the loan. However, Plaintiffs never received a response from the SBA.

8. May 2, 2018, SBA case worker Mildred Fore requested progress certificate and construction contracts, to which Plaintiffs complied.

9. September 14, 2018, Plaintiffs learned the original SBA case worker Mildred Fore was no longer there. The SBA then required Plaintiffs request in writing that SBA reinstate their loan, to which Plaintiffs complied.

10. September 21, 2018, SBA required Plaintiffs provide a 2nd IRS Form 4506-T and VA income verification, to which Plaintiffs complied.

11. September 26, 2018, SBA Agent James #1805, required Plaintiffs provide a 3rd IRS Form 4506-T, VA income verification, request a loan increase and contractors' estimates, to which Plaintiffs complied.

12. Throughout 2019, Plaintiffs made numerous efforts, calls and contacts to SBA regarding disbursement of funds, to no avail.

13. February 18, 2020, SBA loan manager Zack Bradford issued a letter requesting the Plaintiffs provide a 4th IRS Form 4506T and VA income verification, as well as directing Plaintiffs again to request an increase in loan amount, to which Plaintiffs complied.

14. March 4, 2020, Zack Bradford stated he did not receive Plaintiffs' fax with the information requested by SBA. At that time Mr. Bradford provided Plaintiffs with second fax number, to which the Schweigel re-faxed the information the SBA requested.

15. Upon receipt of said fax, Mr. Bradford stated that he was going to take his kids on vacation and would have loan officer Matt Lucchesi resume in his absence. At that time, Mrs. Schweigel expressed concern that they would fall through the cracks yet again as SBA now had Covid 19 loans to address. Mr. Bradford assured Mrs. Schweigel that would not be the case and that Plaintiffs could always reach out to him.

16. March 18, 2020, SBA loan officer Matt Lucchesi issued Plaintiffs a letter stating SBA had received their request for increase in loan amount and directed Plaintiffs to contact Birmingham Loan Servicing Center.

17. Immediately thereafter, Plaintiffs spoke with SBA Loan Servicing agent Ashley, in Birmingham. After lengthy conversation, Ashley spoke with her supervisor, Rob. Ashley then directed Plaintiffs to contact Zack Bradford in Texas again and after doing so to contact her again to set up subsequent disbursement of remaining loan funds to repair Plaintiffs' home.

18. Mrs. Schweigel called Zack Bradford numerous times, left messages on his personal answering machine. On at least one occasion Mrs. Schweigel spoke with a gentleman whom she believed to be Mr. Bradford, as at that time Mr. Bradford was working from home with a direct number. The gentleman stated he would give the message to Mr. Bradford. Apparently, Mr. Bradford did not receive the message as Plaintiffs to date, await Mr. Bradford's return call.

## IV. RELIEF

SBA's delay in full disbursement of disaster loan has resulted in additional damages to Plaintiffs' home. The original loan amount does not cover the additional damages Plaintiffs have suffered because the original repairs were not made timely, due to non-disbursement of SBA loan funds. Plaintiffs have suffered great financial, emotional and physical damages are a direct result of SBA's delay in loan disbursement. To date, Plaintiffs' home still has drywall stripped down to the frame with black mold and mildew causing ongoing health issues for the Plaintiffs. Plaintiff, Robert Schweigel is a home/bed bound disabled Veteran and Plaintiff, Wanda Schweigel cautioned Mr. Bradford the SBA's failure to release the loan funds has had a direct impact on Plaintiffs' health and would most certainly cause Plaintiff, Robert Schweigel a second heart attack and Plaintiff, Wanda Schweigel respiratory issues due to the stress of living in such conditions as a direct result of the SBA's failure to disburse loan funds. Unfortunately, Plaintiff, Robert Schweigel did in fact experience a second heart attack as well as a Pulmonary Embolism Saddle, and now requires oxygen, no doubt as a direct result of living with the black mold and mildew and Plaintiff, Wanda Schweigel (a non- smoker), with COPD.

Plaintiff, Wanda Schweigel is quiet sure if final loan disbursement for home repair funds are not released, the stress of it all will ultimately lead to Plaintiff, Robert Schweigel's demise.

SBA have breached their fiduciary duty in their fulfillment of the contract with Plaintiffs by not executing the remaining loan funds necessary for Plaintiffs' home repair. Plaintiffs have shown due diligence and good cause.

SBA is aware Plaintiffs are elderly and Plaintiff, Robert Schweigel is totally disabled. SBA has caused financial and/or property exploitation of the Plaintiffs.

**WHEREFORE**, Plaintiffs, Robert Schweigel and Wanda Schweigel request damages including but not limited to attorney fees & costs, $1,689,000 for special/punitive and/or exemplary damages, $300,000 for compensatory/actual damages, pain & suffering, mental anguish, loss of consortium, loss of financial contribution including release of the remaining loan amount $263,000 and waive said loan, should this Honorable Court find just. The reason for special exemplary damages including but not limited the SBA knowingly knew Plaintiffs were elderly and disabled, SBA knew Plaintiffs' home was significantly damaged and Plaintiffs were living in an unsafe condition. Plaintiffs have shown due diligence, timely replied to SBA requests. The Defendant, SBA breached its fiduciary duty and

breached Plaintiffs' contract, which has caused Plaintiffs' health issues, marital issues, including but not limited to additional damage due to lack of repairs. Punitive damages are necessary when the Defendant, SBA egregiously caused damages to the Plaintiffs no matter what the cost. Additionally, Plaintiffs request $10,000,000 for wrongful death, in the event Plaintiff, Robert Schweigel passes before this Honorable Court can rule in this matter.

## V. **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  Pro Se

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3-17-2022

Signature of Plaintiff: *Robert Schweigel*
Printed Name Plaintiff: Robert Schweigel
Signature of Plaintiff: *Wanda Schweigel*
Printed Name Plaintiff: Wanda Schweigel